UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NATHAN MARQUIS LEBARON,
    Petitioner,

    v.                                   CIVIL ACTION NO.
                                         12-11829-RWZ

BRUCE GELB,
Superintendent,
    Defendant.

**MEMORANDUM AND ORDER RE:
MOTION TO APPOINT DAVID C. GROSSACK, ESQ. AS STANDBY
COUNSEL FOR LIMITED PURPOSE (DOCKET ENTRY # 7);
MOTION TO RENAME CASE (DOCKET ENTRY # 32);
AND ORDER TO SUPPLEMENT**

**June 20, 2013**

**BOWLER, U.S.M.J.**

    Petitioner Nathan Marquis LeBaron, an inmate at the Massachusetts Correctional Institution in Shirley, Massachusetts ("MCI-Shirley"), filed the above styled petition for habeas corpus under 28 U.S.C. § 2254 ("section 2254") attacking a June 2007 conviction in Massachusetts Superior Court (Essex County) ("the trial court"). On November 26, 2012, respondent Bruce Gelb ("respondent") filed a motion to dismiss the petition on the basis that petitioner failed to exhaust his state court remedies. (Docket Entry # 14).

I.  <u>Order to Supplement</u>

    The petition raises various grounds for relief including a denial of due process on the basis of excessive delays in the

production of state court transcripts and a denial of "speedy trial appeal rights." (Docket Entry # 1). A number of petitioner's recent filings attach documents from proceedings in the Massachusetts Supreme Judicial Court ("the SJC") and the Massachusetts Appeals Court ("the appeals court") that post date the motion to dismiss. (Docket Entry # 25-1, 32-1, 32-2). In order to evaluate the motion to dismiss and a number of petitioner's recent filings, the record needs to be expanded to include updates to the existing docket sheets in the record of the trial court (Docket Entry # 15-1, App. 1-18), the appeals court (Docket Entry # 15-1, App. 24-27) and the SJC (Docket Entry # 15-1, App. 30) (Docket Entry # 15-1, App. 32). Respondent is directed to file these as exhibits to a supplemental memorandum filed on or before July 19, 2013, and address whether these updates alter the exhaustion issue as presented in the motion to dismiss. Respondent is also instructed to file a copy of any state court ruling reflected on the updated docket sheets in the event it is relevant to the exhaustion analysis.

Respondent is further ordered to file a copy of the notice of appeal docketed in the trial court on March 11, 2010 (Docket Entry # 15-1, App. 14), and address the current status of that appeal. Respondent is also ordered to address the status of the production, if any, of the alleged May 12, 2006 transcript ordered on January 21, June 3 and December 1, 2010, and January

25, 2011; and the status of the production, if any, of the November 27, 2006 transcript ordered on January 21, 2010, and January 25, 2011, and thereafter cancelled because the noticed court reporter "was not steno on that date." (Docket Entry # 15-1, App. 7, 14, 15, 16).

II. Standby Counsel

Petitioner seeks appointment of David C. Grossack, Esq. ("Attorney Grossack") as standby counsel. (Docket Entry # 7). Petitioner requests the appointment to assist him in obtaining transcripts and tape recordings in the state court proceedings and submits an affidavit to support the request. (Docket Entry ## 7 & 12-2). He does not provide an affidavit of indigency and is not proceeding in forma pauperis.

There is no constitutional right to appointment of counsel in a federal court to challenge a state court criminal conviction. Swazo v. Wyoming Department of Corrections State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994) ("there is no constitutional right to counsel beyond the appeal of a criminal conviction, and that generally appointment of counsel in a § 2254 proceeding is left to the court's discretion"); see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013) ("a petitioner has no Sixth Amendment right to counsel in order to mount a collateral challenge to his conviction"); Simon v. Government of the Virgin Islands, 679 F.3d 109, 115 (3rd Cir.

2012) (noting that right to counsel "exists on direct appeal but not in collateral proceedings"); Ellis v. U.S., 313 F.3d 636, 652 (1st Cir. 2002) (noting in section 2255 proceeding that "convicted criminal has no constitutional right to counsel with respect to habeas proceedings"); see also Morin v. State of Rhode Island, 741 F.Supp. 32, 36 (D.R.I. 1990) (constitution does not mandate representation after trial and first appeal).  There is also no constitutional right to simultaneous representation by a defendant and by standby counsel on direct appeal let alone during a collateral attack on a state court conviction.  See United States v. Bova, 350 F.3d 224, 226 (1st Cir. 2003) ("we think it well to lay to rest any suggestion that Bova had a right to represent himself and to enjoy the benefit of standby appointed counsel").  Appointment of counsel in a collateral attack on a criminal conviction is therefore discretionary.[1]  See Heath v. United States Parole Commission, 788 F.2d 85, 88 (2nd Cir. 1986).

In particular, under 18 U.S.C. § 3006A(a)(2) ("section 3006A(a)(2)"), a court may appoint counsel for a "financially eligible person seeking relief under section 2254 when the interests of justice require."  Battle v. Armontrout, 902 F.2d

---

[1] Appointment of counsel, however, is mandatory where the district court conducts an evidentiary hearing.  See Rule 8(c), 28 U.S.C. foll. § 2254; cf. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (appointment of counsel discretionary where no evidentiary hearing required).

4

701, 702 (8th Cir. 1990).  Section 3006A(a)(2) provides that:

> (2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who-- . . .
>
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

18 U.S.C. § 3006A(a)(2).

The rare cases warranting appointment of counsel in the interests of justice, however, typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts.  See United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993) (discussing application of section 3006A(a)(2) to section 2255 motion, noting coalescence of the three aforementioned circumstances and citing Battle v. Armontrout, 902 F.2d at 702, a section 2254 case); Battle v. Armontrout, 902 F.2d at 702 (remanding section 2254 petition for appointment of counsel where claim was nonfrivolous, facts and law were complex and the petitioner's incarceration severely hampered his investigative abilities); see also Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (where the petitioner presents nonfrivolous claim, court should consider legal and factual complexity of case and the petitioner's ability to investigate in appointing counsel under section 3006A(a)(2)).

Here, the issues are not factually or legally complex.

Petitioner is also not financially eligible for appointment of standby counsel. This case therefore does not warrant appointment of Attorney Grossack as standby counsel.

III. Proper Custodian

At the time petitioner filed this petition, he was an inmate at the Souza Baranowski Correctional Center in Shirley. The superintendent of petitioner's current facility, MCI-Shirley, is Kelly Ryan. Petitioner therefore moves to name Ryan as the proper respondent. (Docket Entry # 32).

Section 2243 of Title 28 of the United States Code mandates that a section 2254 petition "be directed to the person having custody of the person detained." 28 U.S.C. § 2243. See also 28 U.S.C. § 2242 (habeas application "shall allege . . . the name of the person who has custody over [the petitioner]"). The requirement effectuates the purpose in section 2243 which additionally requires "the person to whom the writ is directed . . . 'to produce at the hearing the body of the person detained.'" Vasquez v. Reno, 233 F.3d 688, 693 (1st Cir. 2000). It is the warden or the superintendent of the facility in which the petitioner is held who has the "day-to-day control over the petitioner and is able to produce [the petitioner] before the habeas court." Id. at 691. Accordingly, a petitioner's "proper custodian for purposes of habeas review is the warden of the facility where he is being held." Vasquez v. Reno, 233 F.3d 688,

691 (1st Cir. 2000). The motion to name Ryan as respondent (Docket Entry # 32) is therefore allowed. See, e.g., Smith v. Roper, 2011 WL 8169081, *10 (E.D.Mo. Dec. 12, 2011) (allowing motion to substitute former custodian with current custodian in section 2254 proceeding); Short v. Tranni, 2011 WL 1344242, 82 (D.Colo. April 8, 2011) (allowing motion to change respondent due to inmate's recent transfer).

## CONCLUSION

Respondent is **ORDERED** to file the above documents and a supplemental memorandum to the motion to dismiss addressing the foregoing subjects on or before July 19, 2013. The motion for appointment of standby counsel (Docket Entry # 7) is **DENIED**. The motion to rename the case (Docket Entry # 32) is **ALLOWED** only insofar as Kelley Ryan is substituted for Bruce Gelb as the proper respondent.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge